IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

RECEIVED

2022 OCT 17  A 11: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| William Lee Mitchum <br><br> Plaintiff(s), <br><br> v. <br> Christopher M Blankenship, in his official capaicity as Commissioner of the Department of Conservation and Natural Resources, et. al. <br> Defendant(s). | CIVIL ACTION NO. 2:22-cv-615-WKW-SMD <br><br> JURY DEMAND (MARK ONE) <br><br> ☐ YES   ☑ NO |

## COMPLAINT

1.  Plaintiff(s)' address and telephone number: 706 Enger St, Pascagoual, MS 39581  251.545.8300

2.  Name and address of defendant(s): Christopher M Blankenship, Commisioner of the Department of Conservation and Natural Resources, 64 North Union Street, Suite 474 Montgomery, Al 36130
Steve Marshall, in his official capaicity as Attorney General of the State of Alabama, 501 Washington Avenue, PO Box 300152, Montgomery, Al 36130-0152

3.  Place of alleged violation of civil rights: Meaher State Park, 5200 Battleship Pkwy, Spanish Fort, AL 36527

4.  Date of alleged violation of civil rights: July 24, 2022

5.  State the facts on which you base your allegation that your constitutional rights have been violated: I was denied my Second Amendment right to possess a firearm for immediate self-defense by the park manager in charge of Meaher State Park. I am an ordinary law-abiding adult citizen with no criminal record who is lawfully allowed to own, possess, and openly carry firearms per Ala. Constitution Article I, Section 26 and the Second Amendment of the United States Constitution. I was arbitrarily denied this right by Alabama Department of Conservation and Natural Resources (ADCNR) per rule 220-05-.08(1). This rule requires ordinary citizens to obtain "written permission" from the manger in charge of the State Park visited in order to possess firearms. This rule tramples on my Second and Fourteenth rights to protect myself outside the home in a non-senstive government location.

1

6.   Relief requested: (A) Declare ADCNR Rule 220-05-.08(1) to be unconstitutional.
(B) Issue injunction prohibiting the Defendant, his employees, agents, representatives and/or his attorney(s) from enacting and enforcing any rule that requires ordinary citizens to obtain permission from a government employee in order to possess " common use" firearms for immediate self-defense on ADCNR managed properties including common recreational use areas that include campgrounds, fishing piers, parks, beaches, hiking trails, Wildlife Management Areas and other common recreational use areas that are not otherwise restricted and defined as" sensitive" government locations under NYRPA v. Bruen. (C). Any additional relief this Court finds necessary to ensure Plaintiff's Second Amendment rights are protected from rules and regulations that may be imposed by Defendants. (D). Award Plaintiffs' full costs and all reasonable expenses associated with this action including reasonable attorney fees if I obtain legal counsel.

Date: 10/14/22                                                   _____ pro se
                                                                 Plaintiff(s) Signature

2

<u>Defendant:</u>
Steve Marshall, in his official capacity as
Attorney General for the State of Alabama

7. Park users are first required to seek permission from an ADCNR employee, who may or may not grant permission, to exercise their Second Amendment right to possess firearms on ADCNR managed properties, specifically Alabama State Parks, a subdivision of ADCNR. This "permission" is arbitrary and discretionary, and therefore violates my Second Amendment right to self-defense outside the home and my Fourteenth Amendment right to equal protection.

8. I was denied my Second Amendment right to bear arms for immediate self-defense at Meaher State Park on July 24, 2022. At Meaher State Park, State Park Manager Melonie Rickles verbally denied my right to carry my firearm and referred me to the posted "no firearms" signs. The park manager further stated that I would have to take this up with "Montgomery", referring to ADCNR headquarters.

9. My Constitutional rights are safeguarded by the United States Constitution and are not restricted by state borders. Constitutional rights follow the individual and just because a citizen crosses a state border, doesn't mean his rights are suspended, whether it be his First, Second, Fourth, Fifth, Eighth Amendment right. In addition, Constitutional rights are not at the arbitrary discretion of government employees who may or may not grant permission in order for individuals to exercise that right. At Alabama Gulf State Park Fishing Pier, Rule 17 requires ordinary citizens obtain a "park permit" in order to possess firearms.

10. In *New York State Rifle and Pistol Association v Bruen, 142 S. Ct. 2111 (2022)*, the majority opinion noted that citizens have a right to bear arms for self-defense outside the home and in non-sensitive government locations. It is the Plaintiff's belief that public lands set aside for public enjoyment such as hiking trails, campgrounds, beaches, fishing piers, parks and other similar places managed by ADCNR do not fit the definition of sensitive government places as noted in the Bruen decision. When considering the text, history, and tradition of the Second Amendment when it was adopted by "the People" in 1791, these areas were not restricted. "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them." Heller, 554 U. S., at 634–635.

11. In District of Columbia v. Heller, 554 U. S. 570, and McDonald v. Chicago, 561 U. S. 742, the Court held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense. Under Heller, when the Second Amendment's plain text covers

3

an individual's conduct, the Constitution presumptively protects that conduct, and to justify a firearm regulation the government must demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation. Pp. 8–22. - see NYSRPA v Bruen Pg 2

12.     The Second Amendment to the U.S. Constitution "guarantee[s] the individual right to possess and carry" firearms. District of Columbia v. Heller, 554 U.S. 570, 635 (2008). The right to "bear arms," according to the U.S. Supreme Court, includes the ability to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584. In McDonald v. City of Chicago, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment.

13.     It is my belief, supported by ADCNR General Counsel written response, ADCNR Rule 220-05-.08(1), verbal directions given by ADCNR employee, signs posted at Alabama State Parks, written opinions and correspondences by the Alabama Attorney General's Office, that if I were to bear arms for immediate self-defense on ADCNR managed properties, I could be subject to arrest, incarceration, fined, and/or trespassed from ADCNR managed properties including Alabama State Park properties.

14.     I was unsuccessful in seeking relief in this matter via an administrative process. On July, 19, 2022, Defendant's General Counsel, Charlanna Skaggs, responded to my complaint regarding Rule 220-05-.08(1) by defending the ADCNR firearm restriction. ADCNR General Counsel further stated that I "may be confused." I attempted to seek relief from the Alabama Attorney General's office, but this too was unsuccessful. The Alabama Attorney General's (AAG) Office stated that Bruen's decision "does not apply" (letter dated August 22, 2022). It's my belief that the Bruen decision does apply and the arbitrary and discretionary rules imposed by ADCNR violate my Second Amendment and Fourteenth Amendment rights. In light of Bruen, it is my belief that State agencies do not have the right to "promulgate rules that prohibit firearms in its park if it determines that doing so is necessary or convenient" - Alabama Attorney General Opinion 2022-044 dated August 9, 2022.

4