IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**WILLIAM LEE MITCHUM**

*Plaintiff,*

Case No. 2:22-cv-00615-WKW-SMD

v.

**CHRISTOPHER M. BLANKENSHIP,**
in his official capacity as Commissioner of
Conservation of the Department of
Conservation and Natural Resources, et. al.,

*Defendants.*

### Plaintiff's Opposed Motion for Temporary Injunction

**COMES NOW** Plaintiff William Lee Mitchum to move this court to issue a temporary injunction preventing the Defendants from continuing to impose Rule 220-05-.08(1) "written permission" for possession of firearms in state parks until this Court has rendered its final decisions in the complaint. I have consulted with Defendant's attorney and they have indicated they oppose this Motion.

In Defendant's Motion to Suspend Rule 26 Obligations, the Defendants noted that the "Department will stop enforcing the Rule's permission language" on January 1, 2023. This date is arbitrary. Ala. Act No. 2022-133 (herein referred to as "Act") makes no mention of firearm restrictions in Alabama public parks nor does current Alabama statute restrict firearms at public parks, campgrounds, nor fishing piers. The United States Supreme Court stated:

"In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen* Pg 14, Par 3

I, nor ordinary law-abiding citizens, should not be subjected to one more second, let alone four more months of unconstitutional infringements imposed by the Defendants in order to go through a drawn out bureaucratic process to change the existing unconstitutional rule, Rule 220-05-.08(1). It is clear that the Rule is discriminatory, decretionary, and undefensible.

In the Supreme Court decision in *Bruen,* the Supreme Court could not find "*historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and generally protected by the New York Police Department. Pp. 17-22*" (*Bruen*, Pg 3 par 3) If the Supreme Court could not find any "historical analogue" to restrict firearms from the densely populated island of Manhattan, then I find it absurd to believe that the Defendants could possibly justify that there is a "historical analogue" to support the Commissioner's desire to designate any area of a state park a "sensitive place," and therefore lacks any legal justification to use discretion on if I may possess firearms, where I can possess firearms and the type of common use self-defense firearm I elect to possess while on state park properties.

Mark W. Smith, a recognized Second Amendment scholar and a member of the United States Supreme Court Bar stated in direct response to a news article discussing Rule 220-05-.08(1): "I am unaware of any 1791 (year the #2A became effective) gun law banning/restricting firearms in public parks. Thus, this law appears to be on shaky legal ground given there is no 'historical analogue' for this modern day gun law. If I were AL, I would consider rescinding this rule."

I know of no location within the control of the Commissioner that meets this definition of a "sensitive place" as defined in *Bruen*. These public properties, set aside by the Alabama State Legislators for public enjoyment, do not contain a school, court room, courthouse nor legislative chamber that justify the Commissioner to deem it a "sensitive place." I submit to this Court that the current Rule is unconstitutional when

viewed through the lens of Supreme Court precedent in *Bruen, McDonald,* and *Heller* decisions.

Alabama State Statute 13A-11-61.3, *Regulation of firearms, ammunition, and firearm accessories*, states:

> *"...the Legislature [has] complete control over regulations and policy pertaining to firearms, ammunition, and firearm accessories in order to ensure that such regulations and policy is applied uniformly throughout this state to each person subject to the state's jurisdiction".*

Alabama State Statute 13A-11-61.2, *Possession or Carrying Firearms in Certain Places,* makes no mention of restricting firearms on Alabama State Parks premises or any public park, nor does the Act that is set to be implemented on January 1, 2023. It's clear that the Legislators did review locations in the Act, for they did expand the "Certain Places" provision to include secondary education campuses.

If duly elected officials have not restricted firearms in state parks, it is absurd that the Commissioner, who is an appointed official by the Executive Branch, can unilaterally impose his own will regarding firearm restrictions on ordinary law-abiding citizens who wish to exercise their Second Amendment right to immediate self-defense at public parks, campgrounds, and fishing piers.

The Defendants have acknowledge that that they will continue to enforce their existing "written permission" requirement which is absolutely arbitrary, discriminatory, and unconstitutional until January 1, 2023 and further seeks permission from this Court to delay proceedings in the complaint until March 17, 2023.

**Irreputable Harm**

There is nothing more sacred than human life, the life of our children and family members, and those of ordinary, law-abiding citizens, who are otherwise engaging in lawful activities, such as fishing on a public pier, camping in a public campground, hiking in a public park and/or otherwise enjoying God's creation on public properties.

We can look at recent events to prove that there is a need for self-defense during these activities. On August 16, 2022, a University of Central Florida student was traveling through Talladega National Forest, a mile from Cheaha State Park, when he and his girlfriend were approached by a woman seeking assistance with her car. When

the student and his girlfriend went to lend assistance, the evil doer attempted to rob them, obtain personal and banking information, and then unfortunately shot and killed the UCF student per multiple news reports.

Government mandated gun free zones are a threat to me, my family, and other ordinary law-abiding citizens. As Mark W Smith noted, "we are our own first responders." No one can guarantee that there will not be another evil doer wishing to harm ordinary law-abiding citizens while the Department continues to impose unconstitutional gun free zones and seeks to delay proceedings in this lawsuit. These gun free zones prevent me and other ordinary law-abiding citizens from taking immediate self-defense action to protect ourselves and family members from evil doers.

I submit that if the State is going to attempt to seek a delay in these proceedings, then I humbly ask this Court to immediately issue a temporary injunction preventing the Defendants from continuing to enforce this unconstitutional "written permission" mandate on myself and other ordinary law-abiding citizens who may wish to enjoy God's creation at public parks. The United States Supreme Court stated:

"The constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than other Bill of Rights guarantees'." McDonald, 561 US at 780" - Bruen, Pg 6 par 3.

Respectfully submitted,

*William Lee Mitchum, pro se*
William Lee Mitchum, pro se

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN _____ DIVISION

## CERTIFICATE OF SERVICE

I, WILLIAM LEE MITCHUM _____, do hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail _____ (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this 28 day of November 20 22, to:

Defendants Attorneys Ben Seiss and Jim Davis - Office of Attorny General, State of

Alabama

11/28/22
Date

_[signature]_ pro se
Signature

William L. Mitchum
706 Enser St
Pascagoula, MS 39581


7022 2410 0000 2706 8401



36104

U.S. POSTAGE PAID
FCM LG ENV
PASCAGOULA, MS
39567
NOV 28, 22
AMOUNT
$5.68
R2305K131577-12

CLEARED

Office of the Clerk
United States District Court
Middle District of Alabama
1 Church Street, Suite B-110
Montgomery, AL
36104 - 4018