# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

RECEIVED
22 DEC 19 A 11: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM LEE MITCHUM

 *Plaintiff,*

              Case No. 2:22-cv-00615-WKW-SMD

v.

CHRISTOPHER M. BLANKENSHIP,
in his official capacity as Commissioner of
Conservation of the Department of
Conservation and Natural Resources, et. al.,

 *Defendants.*

## PLAINTIFF'S OPPOSED MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Plaintiff William Lee Mitchum to move this court for Motion for Summary Judgement. Plaintiff consulted with Defendants' Attorney's who opposed this Motion.

Before this Court is not a question of fact, but a question of law. Can the Alabama Department of Conservation and Natural Resources (ADCNR), a State agency, unilaterally impose Second Amendment infringements (rules and regulations) on my right to immediate self-defense that have not otherwise been adopted by duly elected officials?

The Defendants' do not dispute the fact that they currently have a rule that requires written permission in order for ordinary law-abiding citizens to possess firearms. It's not disputed that on January 1, 2023, ADCNR will

continue to impose firearm restrictions beyond those that have been granted by State Legislators. It is not disputed that the Alabama Legislators have not restricted ordinarily law-abiding citizens from openly carrying loaded firearms, both long guns and pistols, in public nor at Alabama parks. It is not disputed that a Park Manager, Melanie Rickles, and others denied my right to openly carry my firearm at Meaher State Park. It is not disputed that Alabama Legislators have not adopted any laws granting the Alabama Park System to impose any Second Amendment protected self-defense firearm restrictions. It is not disputed that Alabama State Legislators have not designated any part of the public accessible areas of the Alabama Parks System a gun-free zone. It is not disputed that when Alabama Legislators passed Ala. Act No. 2022-133, the Legislators expanded gun-free zones and those new restrictions and gun-free zones did not include Alabama Parks System. It has not been disputed that Alabama State Statute 13A-11-61.3, *Regulations of firearms, ammunition, firearm accessories*, grants only "*the Legislators complete control over regulations and policies pertaining to firearms, ammunition, and firearm accessories in order to ensure that such regulation and policy is applied uniformly throughout this state to each person subject to the state's jurisdiction.*"

In the name of judicial economy, I request this Court to eliminate all additional court proceedings and resolve this matter, for additional discovery will not change the undisputed material facts that have been presented to this Court.

In conclusion, Plaintiff does not dispute that Alabama Legislators can impose Second Amendment regulations, such as permitting, training, and restricting openly carrying of firearms. It is Plaintiff's belief that the Alabama

2

Department of Conservation and Natural Resources can not unilaterally impose such restrictions when the Alabama Legislators have debated this issue and elected not to act. It is clear that the Alabama Department of Conservation and Natural Resources does not agree with duly elected representatives of the People and have simply imposed its desires regarding firearm restriction that infringe on my Second Amendment right to immediate self-defense while in a public place on Alabama Department of Conservation and Natural Resources managed properties, including the Alabama State Parks. It is clear that the Department of Conservation will continue to use its discretion to infringe on my Second Amendment right by unilaterally limiting where and what type of commonly used, commonly owned firearms can be possessed by ordinary law-abiding, lawfully allowed citizens on properties managed by the Alabama Department of Conservation and Natural Resources.

I respectfully request this Court to issue a permanent injunction preventing the Defendants' from imposing rules and regulations, beyond those that have been duly debated and passed by Alabama State Legislators, that impose restriction on my Second Amendment right to immediate self-defense while on public areas of Alabama Department of Conservation and Natural Resources managed properties

Respectfully submitted,

*[signature]*

William Lee Mitchum, pro se

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

## CERTIFICATE OF SERVICE

I, William Lee Mitchum, do hereby Certify that a true and correct copy of the foregoing has been furnished by mail (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this 14 day of December 2022, to:

Defendants' Attorneys Ben Seiss and Jim Davis - Office of the Attorney General, State of Alabama

12/14/22
Date

_[signature]_ pro se
Signature

Mitchum
706 Enser St
Pascagoula MS
39581

7022 2410 0000 2707 0589



36104

U.S. POSTAGE PAID
FCM LG ENV
PASCAGOULA, MS
39567
DEC 15, 22
AMOUNT
$5.44
R2304M112497-14

RDC 99

Office of the Clerk
United States District Court
Middle District of Alabama
1 Church Street, Suite B-110
Montgomery AL
36104-4018