# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LEE MITCHUM, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER M. BLANKENSHIP, in his official capacity as Commissioner of the Department of Conservation and Natural Resources, *et al.*, | ) No. 2:22-cv-00615-WKW-SMD ) ) ) ) ) |
| | ) |
|     *Defendants*. | ) |

### DEFENDANTS' MOTION TO DISMISS ON MOOTNESS GROUNDS

Plaintiff's Complaint asks this Court to declare Ala. Admin. Code r. 220-5-.08 unconstitutional and to enjoin the Alabama Department of Conservation and Natural Resources from "enforcing any rule that requires ordinary citizens to obtain permission" to possess firearms at Alabama State Parks. Doc. 1 ¶ 6. Defendants previously informed the Court that the Department (1) submitted a notice to amend the Rule on November 17, 2022 to remove the permission requirement (among other changes), doc. 22 at 5; (2) stopped enforcing the permission requirement on January 1, 2023, doc. 26 at 3 n.2; and (3) anticipated that the amended Rule would go into effect on March 17, 2023. The Alabama Administrative Code now reflects that the Rule lacks any permission requirement. *See* Ex. A. This case is moot.

Defendants therefore move to dismiss this suit under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, which can be raised at any time, *see* FED. R. CIV. P. 12(h). Mootness is one strand of the case-or-controversy limit on the jurisdiction of federal courts. *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted). "[A] case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (cleaned up) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)). Because removing the permission requirement from the Rule has deprived this Court of the ability to enjoin its enforcement,[1] Defendants' motion to dismiss for lack of subject-matter jurisdiction is due to be granted.

                                          Respectfully submitted,

                                          Steve Marshall
                                            *Attorney General*

                                          <u>s/ Benjamin M. Seiss</u>
                                          James W. Davis (ASB-4063-I58J)
                                            *Deputy Attorney General*
                                          Benjamin M. Seiss (ASB-2110-O00W)
                                            *Assistant Attorney General*

---

[1] That Plaintiff also seeks declaratory relief does not save his moot suit. "Principle alone unaccompanied by a live case or controversy does not present a justiciable claim" for there would be "nothing left for the court to do . . . except declare that the practices are unconstitutional for the principle of the matter." *Saladin v. City of Milledgeville*, 812 F.2d 687, 693 (citing *Ashcroft v. Matties*, 431 U.S. 171, 173 (1977)).

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Defendants*

Charlanna W. Skaggs (ASB-6860-R62C)
  *General Counsel*

ALABAMA DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES
64 North Union Street, Room 474
Montgomery, Alabama 36130
Telephone: (334) 242-3165
Charlanna.skaggs@dcnr.alabama.gov

*Counsel for Commissioner Blankenship*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy of same to *pro se* Plaintiff at his address of record:

William Lee Mitchum
706 Enger St.
Pascagoula, MS 39581

> s/ Benjamin M. Seiss
> ***Counsel for Defendants***