IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LEE MITCHUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-615-WKW-SMD |
| ) | |
| CHRISTOPHER M. BLANKENSHIP, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se plaintiff William Lee Mitchum ("Mitchum") claims that his Second Amendment rights to openly carry a firearm were violated by the Alabama Department of Conservation and Natural Resources ("ADCNR") based on its administrative rule requiring State Park visitors to obtain written permission from the State Park manager to possess firearms on the grounds. Compl. (Doc. 1) p. 1, ¶ 5. Before the Court is Defendants' Motion to Dismiss (Doc. 27) Mitchum's complaint as moot. As explained below, the motion should be granted.

**I.     FACTUAL ALLEGATIONS**

On July 24, 2022, Mitchum visited Meaher State Park. Compl. (Doc. 1) p. 3, ¶ 7. At the time he visited the park, ADCNR rules stated that "[i]t shall be unlawful for any person other than a duly authorized law enforcement officer to possess or carry into any State Park any form of firearm without written permission of the manager in charge of the

State Park visited[.]" Ala. Admin. Code r. 220-X-5-.08 (effective Feb. 9, 2010).[1] Pursuant to the ADCNR rule, State Park Manager Melonie Rickles verbally denied Mitchum's request to carry his firearm and referred him to the posted "no firearms" signs. Compl. (Doc. 1) p. 3, ¶ 8. Mitchum believes "that if [he] were to bear arms for immediate self-defense on ADCNR managed properties, [he] could be subject to arrest, incarceration, fined, and/or trespassed from ADCNR managed properties[.]" *Id*. at p. 4, ¶ 13.

## II.     PARTIES, CLAIMS, & REQUESTS FOR RELIEF

Mitchum brings a claim against Defendant Christopher M. Blankenship ("Blankenship"), in his official capacity as Commissioner of the ADCNR, and against Defendant Steve Marshall, in his official capacity as Attorney General of Alabama, for violating his constitutional right to bear arms. Compl. (Doc. 1) p. 1, ¶ 2. For relief, Mitchum asks the Court to (1) declare the ADCNR rule unconstitutional and (2) issue an injunction prohibiting the enactment or enforcement of any rule that requires ordinary citizens to obtain permission from a government employee to possess "common use" firearms on ADCNR managed properties in areas not otherwise restricted and defined as "sensitive." *Id*.

---

[1] Although Mitchum does not set forth the text of the ADCNR rule within his complaint, the undersigned takes judicial notice of the operative version of the rule at the time Mitchum visited the State Park. *See* FED. R. EVID. 201; *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam) ("Public records are among the permissible facts that a district court may consider." (citations omitted)).

### III. JURISDICTION

At the time this suit was filed, the Court had federal question jurisdiction over the complaint based on Mitchum's claims that the ADCNR rule violated his Second and Fourteenth Amendment rights. *See* 28 U.S.C. § 1331.

### IV. LEGAL STANDARDS

#### A. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007). In other words, while leniency is shown to pro se litigants, this lenience does not give a court license to serve as de facto counsel. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### B. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides the proper framework for evaluating a motion to dismiss on grounds of mootness. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). "A motion under [Rule] 12(b)(1) can present either a facial or a factual attack on the court's jurisdiction." *Singleton v. Taylor*, 2021 WL 3862001, at *1 (M.D. Ala. Aug. 25, 2021) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). When resolving a facial attack under 12(b)(1), the court must assume the truth of the allegations in the complaint. *Id.* If the motion is instead based on a factual attack, the court is permitted to look beyond the pleadings and weigh evidence to determine whether it has subject-matter jurisdiction. *Mizell v. City of Ozark*, 2022 WL 822353, at *2 (M.D. Ala. Jan. 31, 2022) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). There is no presumption of truthfulness on a factual attack. *Lawrence*, 919 F.2d at 1529.

## V. ANALYSIS

Defendants ask the Court to dismiss Mitchum's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Mot. (Doc. 27) p. 2. Defendants contend that the Court has lost its jurisdiction because the ADCNR rule in dispute has been revised and now lacks any permission requirement for carrying firearms, which renders the complaint moot. *Id*. at 1.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of cases and controversies. *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "The doctrine of mootness derives directly from the case-or-controversy

4

limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, (1992)).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* at 1217. "Mootness can occur due to a change in circumstances[ ] or . . . a change in the law." *Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336.

While this suit was pending, the ADCNR rule at issue was amended. Ala. Admin. Code r. 220-X-5-.08 (effective Mar. 17, 2023). Under the new rule, "[p]ossession of handguns by lawfully authorized persons is permitted [at State Parks] for personal protection provided the handguns are not used for any unlawful purpose." *Id*. The new rule no longer requires a person to receive written permission from a State Park's manager to

5

possess or carry a firearm onto the State Park grounds. *Compare* Ala. Admin. Code r. 220-X-5-.08 (effective Feb. 9, 2010) *with* Ala. Admin. Code r. 220-X-5-.08 (effective Mar. 17, 2023).

Here, Mitchum asks the Court to declare the prior version of the ADCNR rule unconstitutional and to enjoin the enforcement or enactment "of any rule that requires ordinary citizens *to obtain permission* from a government employee to possess 'common use' firearms." Compl. (Doc. 1) p. 2 (emphasis added). But because the amended ADCNR rule omits the requirement that a State Park visitor receive permission to carry a gun onto State Park property, the Court can no longer provide the relief Mitchum requests. As such, the suit is moot, and this Court no longer possesses subject matter jurisdiction over the complaint.

To be sure, Mitchum argues that this suit is not moot because the new ADCNR rule "continues to impose unconstitutional restrictions . . . by prohibiting [him] from possessing a commonly own [sic] firearm (long gun) for lawful purposes." Resp. (Doc. 29) p. 2. He further contends that the new rule "unilaterally seeks to determine where [he] may possess a firearm[.]" *Id*. at. 4. Mitchum speculates that "[i]f he were to seek permission to carry [his] 'firearm' from the Park Manager today, as [he] did in July 2022, [he] once again would be denied this Constitutional right." *Id*. at 4.

Importantly, though, Mitchum's complaint does not raise issues regarding limitations on long guns or the designation of firearm-free zones, and Mitchum cannot amend his complaint through briefing. *See, e.g.*, *Huls v. Llabona*, 437 F. App'x 830, 832 n. 5 (11th Cir. 2011) (holding that an argument raised for the first time in response to

defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal). Further, it appears that Mitchum has not suffered actual injury under the new rule.[2] Therefore, at this time, Mitchum does not have standing to challenge it. *See Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971)[3] (To prove standing, a plaintiff must show (1) injury in fact, (2) traceability, and (3) redressability.); *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (An injury in fact must be both "concrete and particularized" and "actual or imminent."). Thus, despite Mitchum's argument to the contrary, it remains that the Court cannot give Mitchum the relief he requests in his complaint, rendering the suit moot.[4]

## VI.   CONCLUSION

For the above reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Defendants' Motion to Dismiss (Doc. 27) be GRANTED and that Mitchum's complaint be DISMISSED as MOOT. Further, it is the undersigned's

RECOMMENDATION that the following motions be DENIED as MOOT:

---

[2] *See* Resp. (Doc. 29) ("*If* I were to seek permission to carry my 'firearm' from the Park Manager today . . . .") (emphasis added).

[3] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[4] The undersigned notes that Mitchum also asks the Court to award him "full costs and all reasonable expenses associated with this action." Compl. (Doc. 1) p. 2. The prevailing rule in the United States is that all parties are to bear their own costs in litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). While Mitchum's request for fees is not moot, per se, the undersigned recommends that the relief be denied based on the prevailing rule.

 (1) Defendants' Motion to Stay Rule 26 Obligations (Doc. 15);

 (2) Mitchum's Motion for Temporary Injunction (Doc. 19);

 (3) Mitchum's Motion to Strike Lamar Pendergrass Declaration (Doc. 23); and

 (4) Mitchum's Motion for Summary Judgment (Doc. 24).

 Finally, it is

 ORDERED that the parties shall file any objections to this Recommendation **on or before May 17, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

 DONE this 3rd day of May, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE